Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **SBW PROPERTIES, LLC,** § | **CASE NO.** | **22-31838-sgj-11** |
| § | | |
| *Debtor-in-Possession.* § | | |
| § | | |

**United States Trustee's Motion to Dismiss under 11 U.S.C. §1112(b)(1)**

TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. §1112(b) (the "Motion"). The United States Trustee would show:

**Summary**

Cause exists to dismiss this case because SBW Properties, LLC (the "Debtor") (i) has failed to file its May 2023 monthly operating report and has failed to file its second quarter 2023 postconfirmation operating report; (ii) has failed to pay $280.03 in estimated United States Trustee fees; and (iii) has failed to return documentation reasonably requested by the United States Trustee.

**Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and

the standing order of reference in the Northern District of Texas. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## Factual and Procedural History

### The Present Case

1. The Debtor filed a voluntary petition (Docket Entry No. 1) under chapter 11 on October 3, 2022 commencing this bankruptcy case.

2. On October 28, 2022, the United States Trustee conducted the Initial Debtor Interview with the Debtor's principal, Felicia Peets, and Debtor's counsel, Eric Liepins.

3. At the Initial Debtor Interview (the "IDI"), the United States Trustee requested a number of documents from the Debtor including a signed Obligations of Chapter 11 Cases Acknowledgment of Receipt (the "Obligations Acknowledgment"). The Debtor never returned the signed Obligations Acknowledgment, but the obligations of a chapter 11 debtor were discussed at the IDI.

4. The section 341 meeting of creditors in this case was held on November 9, 2022 and was conducted by United States Trustee Trial Attorney, Asher M. Bublick.

5. The Debtor's chapter 11 plan (the "Plan") was confirmed (*see* Docket Entry No. 29) on April 13, 2023.

### The Prior Case

6. The Debtor had a prior chapter 11 case in 2021, Case No. 21-30035-MVL-11 (the "Prior Case"), filed on January 8, 2021.

7. The Debtor delinquently filed its January 2021, February 2021, March 2021, May 2021, July 2021, and August 2021 monthly operating reports in the Prior Case (Prior Case Docket

Entry Nos. 12, 13, 14, 18, 19, 32 and 33). The Debtor failed to file the April 2021 monthly operating report in the Prior Case and did not file any postconfirmation reports.

8. A plan was confirmed in the Prior Case on September 29, 2021 (Prior Case Docket Entry No. 34).

9. A final decree was entered in the Prior Case on February 2, 2022 (Prior Case Docket Entry No. 48).

**Operating Reports**

10. After multiple requests, on February 25, 2023 the Debtor delinquently filed monthly operating reports for October 2022, November 2022, December 2022, and January 2023 (Docket Entry Nos. 17, 18, 19, and 20).

11. On May 31, 2023, the Debtor refiled the October 2022, November 2022, December 2022, and January 2023 (Docket Entry Nos. 33, 34, 35, and 37) in a form compliant with the 28 C.F.R. § 58.8 (the "Uniform Operating Reports Rule").

12. Also on May 31, 2023, the Debtor delinquently filed its February 2023 and the March 2023 monthly operating reports (Docket Entry Nos. 36 and 38).

13. On June 9, 2023, the Debtor delinquently filed its April 2023 monthly operating report (Docket Entry No. 39).

14. The Debtor has failed to file its May 2023 monthly operating report and failed to file its second quarter 2023 postconfirmation operating report.

**United States Trustee's Fees**

15. The Debtor has failed to pay $280.03 in United States Trustee fees, $250.00 of which is estimated for the second quarter of 2023 due to the Debtor's failure to file its second

quarter 2023 postconfirmation report.

## Legal Analysis

**General discussion of burdens when dismissal or conversion is sought:**

16. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

17. Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

**Failure to Satisfy Timely any Filing or Reporting Requirement**

18. "Failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]" constitutes cause to dismiss this case. 11 U.S.C. § 1112(b)(4)(F).

19. The United States Trustee program promulgated the Uniform Operating Report Rule governing monthly operating reports in non-small business cases.

20. Further, the Guidelines for Chapter 11 Cases Operating Instructions and Reporting Requirements for the Northern and Eastern Districts of Texas (Region 6) (the "Chapter 11 UST

Guidelines") Section XII provides that a chapter 11 debtor "must prepare and file periodic operating reports detailing [its] financial condition and status" and that such reports are due "no later than the 21st day of the month following the end of the period covered by the report." *See* https://www.justice.gov/ust-regions-r06/file/chapter11guidelines.pdf/download (last visited on 8/2/2023).

21. Finally, LBR 2020-1 provides that "[f]ailure to comply with the requirements of [the Chapter 11 UST Guidelines] may constitute cause justifying the appointment of a trustee or dismissal or conversion of the case."

22. The Debtor has failed to file its May 2023 monthly operating report and its second quarter 2023 postconfirmation operating report in violation of the Uniform Operating Reports Rule, the Chapter 11 UST Guidelines, and LBR 2020-1. Moreover, every operating report filed by the Debtor in this case has been filed delinquently. The Debtor's history in the Prior Case and in the present one reflects a pattern of delinquently filed operating reports.

23. Accordingly, in accordance with 11 U.S.C. § 1112(b)(4)(F), this case should be dismissed for failure to comply with the Uniform Operating Reports Rule, the Chapter 11 UST Guidelines, and LBR 2020-1 because the Debtor has failed to file its May 2023 monthly operating report and its second quarter 2023 postconfirmation report.

**United States Trustee Fees**

24. "Failure to pay any fee or charges required under chapter 123 of title 28" constitutes cause to dismiss this case. 11 U.S.C. 1112(b)(4)(K). The Debtor has failed to pay United States Trustee fees in the amount of $280.03. The Court should dismiss this case.

**Failure to Provide Documentation Reasonably Requested by the United States Trustee**

25.　"Failure to timely provide information or attend meetings reasonably requested by the United States Trustee" constitutes cause to dismiss this case. 11 U.S.C. § 1114(b)(4)(H).

26.　The Debtor failed to return a signed Obligations Acknowledgment, as requested by the United States Trustee at the IDI. While the United States Trustee did not object to confirmation of the Plan on the basis that the signed Obligations Acknowledgment were not returned, the Debtor's obligation to return it remains. The very reason the United States Trustee requests return of a signed Obligations Acknowledgment is to obtain confirmation that the debtor understands its obligations as a chapter 11 debtor, including the timely filing of operating reports.

27.　Accordingly, in addition to the reasons set forth above, the Court should dismiss this case for failure to provide documentation reasonably requested by the United States Trustee.

## Conclusion

For these reasons, the United States Trustee respectfully requests that the Court enter an order (i) dismissing this case and (ii) granting such other and further relief to which he may be justly entitled.

Dated: August 10, 2023.

Respectfully Submitted,
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
meredyth.kippes@usdoj.gov
(214) 767-1079

**Certificate of Conference**

Under Local Bankruptcy Rule 9013.1 and Local District Rule 7.1, no conference is required for this motion.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

**Certificate of Service**

I certify that I sent copies of this motion on August 10, 2023 via ECF to those parties requesting ECF notice and to the parties listed below via First Class United States Mail at the addresses listed below.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

SBW Properties, LLC
11209 Rylie Crest
Apt 315
Balch Springs, TX 75180

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road, Suite 850
Dallas, TX 75251

Sherrel K. Knighton
John Kendrick Turner
Linebarger, Goggan, Blair & Sampson, LLP
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207

Tara LeDay
Chamberlain Hrdlicka
1200 Smith Street, 14th Floor
Houston, TX 78680

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road
Banner Place, Suite 850
Dallas, TX 75251